840 A.2d 982

LOUIS J. SEVERINO AND NICHOLAS J. SEVERINO, PLAINTIFFS-APPELLANTS, v. ERSKIN MARKS, KEVIN HANRAHAN AND MICHAEL DOWNS, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted December 17, 2003—Decided February 5, 2004.

Before Judges KING, LINTNER and LISA.

*Algeier Woodruff,* attorneys for appellants (*Kathryn J. Kingree,* on the brief).

*Tobin, Koster, Oleckna, Reitman, Greenstein & Konray,* attorneys for respondents (*Roy J. Konray,* on the brief).

The opinion of the court was delivered by

LISA, J.A.D.

Plaintiffs, Louis J. Severino and Nicholas J. Severino, appeal from an order striking their demand for a trial *de novo* and dismissing with prejudice their complaint for personal injuries and

deprivation of civil rights. The basis for the order was two-fold: (1) Plaintiffs did not personally appear at the arbitration hearing, although their attorney appeared on their behalf, which the motion judge found to be a violation of *Rule* 4:21A–4(f); and (2) Plaintiffs' attorney did not submit in advance of the arbitration hearing the arbitration statement required by *Rule* 4:21A–4(a) or present non-testimonial evidence as prescribed in *Rule* 4:21A–4(c). With respect to the first basis, we conclude the judge misconstrued the rule. With respect to the second basis, under all of the attendant circumstances, we find that the defalcation of counsel was not a sufficient basis for the ultimate sanction of dismissal. Accordingly, we reverse and remand for further proceedings.

Plaintiffs are brothers. Defendants are New Jersey State Troopers. On July 16, 1999, plaintiffs went to the PNC Arts Center in Holmdel to attend a concert. Before entering the building, an incident occurred in the parking area resulting in the arrest of plaintiffs by two of the defendants. Plaintiffs were taken to a State Trooper processing station, where they allege the third defendant sprayed them in the face with pepper mace without justification. Plaintiffs claim they sustained personal injuries and deprivation of their civil rights by virtue of the use of excessive force by defendants. Their three-count complaint seeks compensatory and punitive damages, as well as attorney's fees and costs, alleging federal constitutional violations pursuant to 42 *U.S.C.A.* § 1983, state constitutional claims and state common law claims.

Plaintiffs filed their complaint on May 25, 2001. Five months later, on October 24, 2001, an answer was filed on behalf of defendants by the New Jersey Attorney General's Office. On August 16, 2002, an order was entered extending discovery until October 20, 2002. By that time, for reasons that are not known to us, defendants were being represented by their fourth law firm. That firm filed a motion on September 10, 2002 seeking a further extension of discovery to March 15, 2003. The motion also sought an adjournment of the arbitration, then scheduled for October 16, 2002, until a date after March 15, 2003. Defense counsel certified

that "defendants need additional time" to properly defend the allegations, and that plaintiffs' counsel "agrees that additional time is needed to get this case ready for trial." Plaintiffs consented to the motion, and a proposed consent order was submitted with the moving papers.

The judge granted the motion to extend discovery to March 15, 2003, but denied the portion of the motion requesting adjournment of the arbitration. By the terms of the consent order, it was thus provided that initial responses to paper discovery would be served by September 30, 2002, depositions of fact witnesses would be taken by November 30, 2002, expert reports on behalf of plaintiffs would be served by January 15, 2003, defense expert reports would be served by February 15, 2003, plaintiffs would submit to independent medical examinations not later than March 15, 2003, and depositions of experts would be conducted before March 15, 2003. Nevertheless, the order required the arbitration hearing to go forward as previously scheduled on October 16, 2002.

The order was entered by the court on September 27, 2002. On October 8, 2002, defense counsel wrote to the civil presiding judge, requesting that he override the denial of the request for adjournment of the arbitration date until discovery was complete. After explaining that the discovery deadline had been twice extended, but the case was ordered to go to an arbitration hearing prior to completion of discovery, counsel stated:

> Nevertheless, the Defendants, all of whom are State Troopers, face career altering allegations of police brutality. Our firm is the fourth firm to represent the defendants through no fault of the defendants. At the time we received the file in August of this year, there was absolutely no discovery that had been conducted. After taking over the case, we supplied answers to interrogatories to the plaintiffs, but as of the date of this letter, we have not received the plaintiff's answers to interrogatories. Under the circumstances, we request that the arbitration be rescheduled for sometime after March 15, 2003. We have attached a copy of the Consent Order Extending Time for Discovery.

The request was denied. We cannot tell from the record when the presiding judge received the October 8, 2002 letter or when or by what means prior to October 16, 2002 counsel were informed that the request was denied. At that time, Nicholas Severino was

a full-time college student in Colorado. Because of the adjournment request, which was consented to by both counsel, Nicholas did not make arrangements to fly to New Jersey to attend the arbitration hearing. We do not know why Louis Severino, who was approximately twenty-four-years-old at that time, did not attend.

Plaintiffs' counsel did not submit an arbitration statement as required by *Rule* 4:21A–4(a). Defense counsel did submit a statement. Plaintiffs' counsel did attend the arbitration, and she has certified that

[t]he arbitrator was apprised of the plaintiffs' allegations and claims through my presentation of the plaintiffs' version of the events leading up to their arrest and the circumstances of their treatment while in the custody of the defendants, based on the investigation and discovery completed as of the time of the arbitration.

All three defendants personally appeared with their counsel. All three defendants testified before the arbitrator and were cross-examined by plaintiffs' counsel. The arbitrator entered an award attributing 100% of liability to plaintiffs and 0% to defendants. Plaintiffs then timely filed a demand for trial *de novo*.

The motion judge found that "plaintiffs did not appear at the arbitration hearing, the appearance of their attorney was a mere token appearance since that attorney did not have witnesses nor evidence (See *R.* 4:21A–4(c)) to present to the arbitrator, who conducted the hearing and made dispositional findings thereby." The judge gave this analysis of the consequences of plaintiffs' failure to appear:

The significance of the failure to appear, *R.* 4:21A–4(f), elucidates the phrase "appearance on behalf of each party" with the express language that if *"the party* claiming damages does not appear, that party's pleading shall be dismissed" ... "and the non-appearing party *shall* be deemed to have waived the right to [demand] a trial de novo." (emphasis added). The driving force behind the mandatory arbitration process is to bring the parties, meaningfully, to the bargaining table and to prevent a charade of a token appearance without the means to credibly address the issues in dispute.

We share the judge's concern that the arbitration process should be a meaningful event, geared to the potential resolution of

the case. However, we part company with the judge's analysis in two respects.

First, in order for the arbitration to be meaningful, the rules are structured to provide that the arbitration hearing will be conducted after completion of discovery. *R.* 4:21A–1(d). "Unless the parties otherwise consent in writing, the hearing shall not be scheduled for a date prior to the end of the applicable discovery period, including any extension thereof." *Ibid.* This was not done here. The September 27, 2002 order was inherently flawed. It recognized that discovery was far from complete, yet it forced the parties to prematurely participate in an arbitration hearing. The hoped-for meaningfulness of this event was doomed from the outset. Not only did the parties not consent in writing to conduct the hearing before completion of discovery, both parties jointly requested that the hearing be adjourned until completion of discovery. Had the "Best Practices" rules been followed, this anomaly would not have occurred.[1]

Further, we do not agree that a party's personal appearance is required at an arbitration hearing. *Rule* 4:21A–4(c) authorizes the arbitrator to accept any relevant evidence, not being bound by the rules of evidence, in lieu of oral testimony, such as affidavits, interrogatory answers, deposition transcripts, hospital and other medical records and experts' reports.

With respect to the personal attendance by parties, the concern expressed by the motion judge that the arbitration proceeding should "bring the parties, meaningfully, to the bargaining table" is well taken. The rule could be written to require it, but in our view, it does not. The rule provides:

---

[1] The pre-Best Practices rule was generally similar. Prior to the amendment, effective September 5, 2000, *Rule* 4:21A–1(d) provided: "Unless the parties otherwise consent in writing, the [arbitration] hearing shall not be scheduled sooner than 160 days after the service of the complaint on all parties-defendants." This provision was keyed to the then-existing version of *Rule* 4:24–1, which required completion of discovery within 150 days of service of the complaint.

> Failure to Appear. An appearance *on behalf of* each party is required at the arbitration hearing. If the party claiming damages does not appear, that party's pleading shall be dismissed. If a party defending against a claim of damages does not appear, that party's pleading shall be stricken, the arbitration shall proceed and the non-appearing party shall be deemed to have waived the right to demand a trial *de novo.*
>
> [*R.* 4:21A–4(f) (emphasis added).]

By its terms, the rule mandates an appearance "on behalf of" each party. The commentary to the rule is in accord: "[P]aragraph (f) was added to impose sanctions for non-appearance at the arbitration hearing. If an appearance is not made by *or on behalf of* the party seeking damages, that party's pleading will be dismissed." Pressler, *Current N.J. Court Rules,* comment on *R.* 4:21A–4 (2004) (emphasis added).

In many circumstances, the appearance of actual parties would be helpful neither to the factfinding aspect of the arbitration proceeding nor to the potential settlement aspect. For example, in situations where a defendant is insured and where liability is not seriously in dispute, there is no need to have that defendant present. If anything, perhaps the claims adjuster's presence should be required. Likewise, in cases dealing with substantially documentary evidence, meaningful arbitration can be conducted based upon the documents. A fair reading of the rule, and its purpose, do not lead to a conclusion that the personal appearance of parties is mandated. We read the second and third sentences of *Rule* 4:21A–4(f) as referring back to the first sentence, which prescribes the manner in which the mandatory "appearance" of each party is accomplished, i.e. an appearance "on behalf of each party."

Our conclusion is further bolstered by comparison of the present rule to the pre-Best Practices rule. *Rule* 4:21A–4(f) did not exist prior to the Best Practices amendments in 2000. At that time, *Rule* 4:21A–4(d) expressly and clearly provided: "The appearance of attorneys and parties at all [arbitration] hearings is required." The 2000 amendments deleted this provision from *Rule* 4:21A–4(d), and added the new *Rule* 4:21A–4(f), requiring an

appearance "on behalf of each party." We glean from the change in language a change in practice.

We do not mean to suggest that the personal appearance of the parties is not desirable. Indeed, personal appearance and participation by litigants should be encouraged. It is simply not a *per se* requirement.

At an arbitration hearing, the claimant must be prepared to present evidence in support of his or her claim. As we have previously noted, this evidence may be in the form of oral testimony or other written materials allowed by *Rule* 4:21A–4(c), or a combination of the two. Plaintiffs' counsel did not comply with this obligation here, but merely "presented" her clients' claim by way of representations, with references to investigative and discovery materials then available. Of course, plaintiffs' counsel was hampered in her ability to comply because of the incomplete status of discovery.

Further, plaintiffs' counsel was not relieved of her obligation to file the required arbitration statement in accordance with *Rule* 4:21A–4(a). Rightly or wrongly, the arbitration hearing was ordered to proceed. Failure to file the statement was inexcusable.

Under all of the circumstances, however, we do not find the shortcomings of plaintiffs' counsel sufficient to justify the ultimate sanction of dismissal of the complaint with prejudice. This is particularly so because both attorneys acknowledged that proceeding with the arbitration hearing was premature in light of the substantial outstanding discovery, and where both counsel requested an adjournment. *See Tucci v. Tropicana Casino & Resort, Inc.,* 364 *N.J.Super.* 48, 53–54, 834 *A.*2d 448 (App.Div. 2003). Whether any lesser sanction, such as an assessment of counsel fees, should be imposed against plaintiffs' counsel for the shortcomings we have mentioned, is left to the sound discretion of the trial court on remand. The order of January 10, 2003, striking plaintiffs' demand for a trial *de novo* and dismissing plaintiffs' complaint, is reversed. On remand, the court shall set an appropriate accelerated schedule to complete discovery. We leave to

the trial court's discretion, with the input of counsel, whether another arbitration hearing should be scheduled before a trial date is set.

Reversed and remanded.